*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-046

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Maegan R. Trapani | } | DOCKET NO. 893-8-13 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals her conviction of driving under the influence (DUI) following a jury trial. On appeal, defendant argues that the court erred in allowing law enforcement officers to repeat statements provided to them concerning defendant's actions and behavior because they were unnecessary and confusing. We affirm.

Defendant was charged with aggravated assault on a police officer, resisting arrest and DUI. The evidence presented at trial included the following. Several law enforcement officers were dispatched to defendant's apartment building following a report of a fight. Two officers testified concerning statements they received from witnesses when they arrived at the scene and did not observe a fight ongoing. Those witnesses gave various reports of what had happened including that defendant had arrived in her car, appeared intoxicated, and had been in an altercation with another individual. Some statements described that defendant had been driving the car. During one officer's testimony, two of the witnesses' statements were read to the jury, and these statements described how defendant pulled into the driveway, got out of the car, appeared intoxicated, and got in a physical fight with another woman.

Defendant objected to admission of these statements on the ground that they were hearsay. The court allowed the testimony, and explained to the jury that the statements were admissible to explain what actions the officers took, but not to prove the truth of the statements.

Law enforcement officers further testified that when they encountered defendant in her apartment, there was a strong odor of intoxicants, and defendant was slurring her words and unsteady on her feet. During the arrest for DUI, one officer testified that defendant swung around and hit him on the side of his face with a closed fist. She was kicking and hitting while the officers subdued her.

Several of the witnesses provided live testimony concerning the events leading to defendant's arrest. During this testimony, the witnesses repeated facts that had been related by the officers, including that defendant showed signs of intoxication, was involved in a fight, and had been driving.

Defendant moved for acquittal at the close of the State's case. The court denied the motion. Defendant presented testimony from several witnesses. She also testified on her own behalf, and denied driving the car or being in a fight. The jury acquitted defendant of the aggravated-assault charge, but found her guilty of DUI and resisting arrest. Defendant appeals the DUI conviction, arguing that the court erred in admitting the out-of-court statements of witnesses during the testimony of the law enforcement officers.

At the outset, it is important to emphasize that the statements were not admitted for their truth and therefore were not hearsay. See V.R.E. 801(c) (defining hearsay in part as statement "offered in evidence to prove the truth of the matter asserted"). The statements were admitted to demonstrate the basis for the officers' actions after arriving at the scene. See State v. Beattie, 157 Vt. 162, 167 (1991) (explaining that statement admitted to demonstrate basis for police investigation was not hearsay).

Defendant argues that nonetheless the court erred in admitting the statements because they were unnecessary, unfairly prejudicial, and confusing to the jury. Under Vermont Rule of Evidence 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." V.R.E. 403. The trial court has broad discretion to weigh the Rule 403 factors, and this Court will reverse only where "the court either totally withholds or exercises its discretion on clearly untenable or unreasonable grounds." State v. Lee, 2005 VT 99, ¶ 11, 178 Vt. 420 (quotation omitted).[*]

Here, the court acted well within its discretion in admitting the statements. The statements were relevant to the resisting-arrest charge to demonstrate whether the arrest was "lawful." 13 V.S.A. § 3017(a) (defining resisting arrest). Further, the statements were not prejudicial insofar as they were repeated in direct testimony from witnesses while relating their personal accounts of the incident. Moreover, there was little danger of confusing the jury because the court provided limited instructions to the jury at the time the testimony was given and again in the charge to the jury. See Labate v. Rutland Hospital, Inc., 2015 VT 128, ¶ 24

---

[*] Defendant did not specifically object to admission of the statements under Rule 403, therefore the State argues that our review is for plain error. See State v. Carrasquillo, 173 Vt. 557, 559 (2002) (mem.) ("Plain error exists only in exceptional circumstances where a failure to recognize it would strike at the heart of defendant's constitutional rights or result in a miscarriage of justice."). Defendant contends that a Rule 403 balancing is required any time evidence is admitted and therefore a particular objection was not required. Because we conclude that there was no error in admitting the statements, we need not reach the question of whether the error was plain.

(setting forth rule that juries are presumed to follow court's instructions).  Therefore, there was no abuse of discretion in admitting the statements.

     Affirmed.

                              BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

3